UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JORGE A. CONTRERAS *et al.*,<br><br>      Plaintiffs,<br><br>    v.<br><br>THE BANK OF NEW YORK MELLON AS TRUSTEE AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2005-36 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2005-36 *et al.*,<br><br>      Defendants. | Civil Action No. 1:12-cv-10624-RWZ |

## **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendants The Bank of New York Mellon as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2005-36 Mortgage Pass Through Certificates, Series 2005-36 ("BONY") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants"), hereby submit this Memorandum of Points and Authorities in Support of their Motion to Dismiss.

## **INTRODUCTION**

Plaintiffs Jorge A. Contreras and Daisy A. Pacheco applied for and obtained a loan for $260,000.00 in 2005, subsequently defaulted on that loan, and filed this action challenging the validity of foreclosure proceedings on their property by BONY.  Plaintiffs filed this action ("Complaint") seeking sweeping relief from this Court—including a declaration that they are entitled to ownership of the property free and clear of all liens and encumbrances—relying entirely on the argument that an assignment of their mortgage by MERS to BONY in 2010 was

somehow invalid.

The Court should dismiss the complaint in its entirety. In the first instance, Plaintiffs have not complied with Massachusetts' tender rule. As a predicate to raising an equitable challenge to foreclosure proceedings, a plaintiff must first "do equity" by tendering or offering payment of the amounts due and owing on their loan, as this and many other courts have held.[1] Here, Plaintiffs seek to challenge foreclosure proceedings, but the Complaint is devoid of allegations suggesting either a willingness or ability by Plaintiffs to cure their default. This failure provides an independent basis on which to dismiss the Complaint.

Additionally, Plaintiffs lack standing to challenge the assignment of the mortgage from MERS to BONY. As non-parties to the assignment, this Court has repeatedly held that Plaintiffs may not challenge the validity of that transaction. Plaintiffs' lack of standing therefore requires dismissal of their claims.[2]

Plaintiffs' claims also fail on the merits. In exchange for receipt of a $260,000.00 loan, Plaintiffs expressly agreed in their mortgage that MERS would serve as the nominee of the lender, and also of all subsequent successors and assigns of the lender. Plaintiffs also agreed in

---

[1]   See, e.g., Durmic v. J.P. Morgan Chase Bank, N.A., 2010 WL 4825632, at *7 (D. Mass. Nov. 24, 2010) (granting dismissal where plaintiff "made no payments on her mortgage loan since December of 2009" and "neither alleged to have attempted payment nor placed the payments in escrow"); Hanley v. Brayton, 17 A.2d 857, 860 (R.I. 1941)(same); cf. Oum, 2012 WL 390271, at *3 (dismissing a complaint nearly identical to the one brought by Plaintiffs) ("[A] quiet title action is not an avenue open to a mortgagor whose debt is in arrears because, until the mortgage is discharged, the title necessarily remains under a cloud."); Lyons v. Mortgage Elec. Registration Sys., Inc., 2011 WL 61186, at *2 (Mass. Land Ct. Jan 4, 2011) (dismissing complaint; "plaintiffs [did] not deny that they were in default of their obligations under the Mortgage prior to the foreclosure sale").

[2]   See, e.g., Oum 2012 WL 390271, at *4; In re Correia, 452 B.R. 319, 324 (B.A.P. 1st Cir. 2011); In re Almeida, 417 B.R. 140, 149-50 (Bankr. D. Mass. 2009); Peterson v. GMAC Mortgage, LLC, et al., No. 11-11115-RWZ, 2011 WL 5075613, at *6 (D. Mass. Oct. 25, 2011); Kelly v. Deutsche Bank Nat'l Trust Co., 2011 WL 2262915, at *3 (D. Mass. June 9, 2011); Kiah v. Aurora Loan Servs., LLC, 2011 WL 841282, at *6 (D. Mass. Mar. 4, 2011), aff'd No. 11-1010, slip op. (1st Cir. Dec. 14, 2011) (attached hereto as **Exhibit A**).

the mortgage that, as nominee of the lender, MERS was empowered to take any actions that the lender could take—including assigning its interest in the Mortgage and taking actions needed to foreclose when the borrowers default.  For these reasons, the First Circuit and other courts in Massachusetts,[3] the Ninth Circuit,[4] and other courts have regularly rejected arguments, such as those advanced by Plaintiffs here, which seek to challenge foreclosure proceedings because MERS was listed on the mortgage as the lender's nominee, or because MERS assigned its interests in the mortgage.[5]  Defendants respectfully submit that the same result is required here.  The Court should dismiss the Complaint with prejudice.

## BACKGROUND

On or about February 17, 2012, Plaintiffs filed this lawsuit against BONY and MERS in Essex County Superior Court; the action was later timely removed to this Court.  Plaintiffs allege that they obtained a loan from Countrywide in May 2005, that MERS was named as the mortgagee, and that MERS assigned the mortgage to BONY in February 2010.  Complaint, ¶¶ 14, 15, 23; see Assignment of Mortgage, unnumbered exhibit to Complaint.[6]

Plaintiffs allege that the Assignment of the Mortgage was somehow invalid or

---

[3]  Kiah, 2011 WL 841282, aff'd No. 11-1010, slip op. (1st Cir. Dec. 14, 2011) (adopting district court order); In re Marron, 2011 WL 2600543 (Bankr. D. Mass. June 29, 2011); In re Lopez, 2011 WL 576820 (Bankr. D. Mass. Feb. 9, 2011).

[4]  Cervantes v. Countrywide Home Loans, Inc., 2011 WL 3911031 (9th Cir. Sept. 7, 2011).

[5]  E.g., Porter v. First NLC Fin. Servs., LLC, No. PC 10-2526 (R.I. Super. Ct. Mar. 31, 2011) (attached as **Exhibit B**); Bucci v. Lehman Bros. Bank, 2009 R.I. Super. LEXIS 110 (R.I. Super. Ct. Aug. 25, 2009); Lane v. Vitek Real Estate Indus. Group, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010); Castaneda v. Saxon Mortgage Servs., 687 F. Supp. 2d 1191 (E.D. Cal. 2009); Blau v. America's Servicing Co., 2009 WL 31174823 (D. Ariz. Sept. 29, 2009); US Bank, N.A. v. Flynn, 27 Misc. 3d 802 (N.Y. Sup. Ct. 2010).

[6]  The Court may properly consider the Assignment of the Mortgage in deciding a Rule 12 motion because Plaintiffs attach the Assignment to their Complaint, refer to it throughout the Complaint, and base their claims on it.  Rederford v. U.S. Airways, Inc., 589 F.3d 30, 35 (1st Cir. 2009).  The Court may also take judicial notice of the Assignment as it is a matter of public record.  In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 15-16 (1st Cir. 2003).

unauthorized.  Id. ¶¶ 27-38.  Plaintiffs also allege that BONY has no authority to foreclose.  Id. ¶¶ 49-51.  They allege further that only the lender may foreclose on the property.  Id. ¶¶ 40-44, 49-51.

## ARGUMENT

**I.     THE COURT SHOULD DISMISS THE COMPLAINT BECAUSE PLAINTIFFS HAVE NOT COMPLIED WITH THE TENDER RULE.**

The Massachusetts tender rule requires dismissal of this lawsuit.  Because interference with a statutorily mandated foreclosure proceeding is equitable in nature, the tender rule, adopted in Massachusetts and elsewhere, provides that a borrower may not seek to challenge foreclosure proceedings if he/she "has neither alleged to have attempted payment nor placed the payments in escrow" of amounts due under the loan.  Durmic, 2010 WL 4825632, at *7.  In Durmic, 2010 WL 4825632, at *7, for example, the court held that a borrower who defaulted on loan obligations and neither "attempted payment nor placed payments in escrow" had "unclean hands" and was therefore disqualified from seeking equitable relief from foreclosure.  Likewise, in Hanley v. Brayton, 17 A.2d 857, 860 (R.I. 1941), the court refused to enjoin foreclosure as plaintiff "made no tender or offer of payment," and a borrower is "hardly in a position to ask for equity when [she herself] utterly neglect[s] to do equity."

Here, Plaintiffs seek to challenge foreclosure proceedings, but they do not offer to pay any amounts due on the loan, or assert that they are even able to make such payments.  Numerous courts have refused equitable relief to borrowers for failure to comply with the tender rule in the same circumstances.  See, e.g., Keen v. Am. Home Mortgage Servicing, Inc., 664 F. Supp. 2d 1086, 1101 (E.D. Cal. 2009) (plaintiff failed to allege "any facts supporting her ability to tender any payment" and "an immediate ability or willingness to tender payment"); Joyner v. Bank of America Home Loans, 2010 WL 2953969, at *6 (D. Nev. July 26, 2010) (dismissing

quiet title claim because plaintiff had "not tendered the amount owed on the loan" even though foreclosure sale had not yet occurred); White v. BAC Home Loans Servicing, LP, 2010 WL 4352711, at *5 (N.D. Tex. Nov. 2, 2010) ("to the extent [plaintiff] seeks equitable relief to avoid foreclosure, they cannot state a claim for such relief because they has not tendered the amount due on the loan").  As a result, Plaintiffs are "hardly in a position to ask for equity when they utterly neglect to do equity."  Hanley, 17 A.2d at 860.

Counts I, II, and III purport to challenge the validity of the foreclosure.  Complaint, ¶¶ 52-64; 65-81; 82-89.  In the absence of Plaintiffs' willingness and ability to tender the amount necessary to cure the default on their loan, however, these claims are facially invalid as grounds to invalidate the foreclosure.  The Complaint should therefore be dismissed.

### III.  NONE OF PLAINTIFFS' CAUSES OF ACTION STATE A COGNIZABLE CLAIM FOR RELIEF.

#### A.  Count I Fails Because Plaintiffs Cannot Articulate a Right to Relief.

Count I purports to allege a claim for declaratory relief.  A request for declaratory relief is a remedy, however, not an independent cause of action because the declaratory judgment statute does not create substantive rights; it merely provides a form of relief where Plaintiffs can demonstrate breach of a substantive right—which Plaintiffs fail to do here.  See Buck v. Am. Airlines, Inc., 476 F.3d 29, 33 (1st Cir. 2007) ("Although the plaintiffs style 'declaratory judgment' as a cause of action, the [federal declaratory judgment statute] creates a remedy, not a cause of action"); Wenzel, 2012 WL 219371, at *9 (dismissing claim for declaratory relief where plaintiff failed to articulate an actual underlying cause of action); Adler v. Schultz, 1999 WL 1320337, at *12 (Mass. Super. Ct. Feb. 24, 1999) (causes of action that were merely remedies failed as a matter of law).  The Complaint does not articulate a cognizable claim for relief in Plaintiffs' favor, and thus lacks the necessary predicate for declaratory judgment.  The Court can

5

and should dismiss Count I for this reason alone.

**B.     Counts I And II Contain No Allegations Providing a Basis for Relief.**

Plaintiffs raise a grab-bag of arguments to claim that their foreclosure is somehow improper, but ignore the terms of the Mortgage they signed and case law rejecting the arguments they raise. Because Counts I and II fail to state cognizable claims for relief, they should be dismissed.

*1.     Plaintiff Lacks Standing To Challenge The Assignment Of The Mortgage.*

Under Massachusetts law, a plaintiff lacks standing to challenge a contract when the plaintiff is a stranger to that contract. Macksey v. Egan, 36 Mass. App. Ct. 463, 468-69 (1994). Here, Plaintiffs are only party to the Mortgage. The Assignment of the Mortgage is a separate contract, and Plaintiffs are not party to it. See Assignment. As strangers to the Assignment, Plaintiffs may not dispute its validity. See Peterson, 2011 WL 5075613, at *4 ("[P]laintiffs have no legally protected interest in the Mortgage assignment from MERS to GMAC and therefore lack standing to challenge it."); In re Correia, 452 B.R. at 324 (Debtors lack standing to challenge assignment of their mortgage based upon terms of securitization agreements to which they were not party); In re Almeida, 417 B.R. 140, 149-50 (same); Kelly, 2011 WL 2262915, at *3 (Plaintiff lacks standing to challenge defendant's standing to foreclose as assignee of mortgage because he was neither party to nor third-party beneficiary of pooling servicing agreement).

Recently, in Oum, this Court addressed once again the question of standing to challenge the validity of an assignment of mortgage where counsel for Plaintiffs filed a complaint which was nearly identical to the one that he filed here. In granting the defendants' motion to dismiss claims identical to those brought by Plaintiffs, this Court stated: "[A] mortgagor is not an

intended beneficiary of an assignment of a mortgage . . . . Thus, plaintiffs lack standing to challenge the validity of the assignments." 2012 WL 390271 at *4. The Court should likewise dismiss Plaintiffs' identical claims in this action.

Plaintiffs' primary allegation is that the Assignment of their Mortgage was somehow invalid. Complaint, ¶¶ 28-31, 55-56. As an initial, fundamental matter, the Court should reject the challenge because Plaintiffs lack standing to assert claims purportedly arising out of a transaction to which they were not parties. Courts have repeatedly rejected this argument as a purported basis for relief from foreclosure.[7]

Counts I and II should therefore be dismissed.

### 2.   *Plaintiffs' MERS-Related Allegations Are Meritless.*

Plaintiffs' main contention is that MERS lacked authority to act as nominee on behalf of the lender and its successors in interest to enforce these parties' rights under the Mortgage, and that MERS therefore did not validly assign the Mortgage. See, e.g., Complaint, ¶¶ 17-21, 36. These arguments are entirely meritless, and as discussed above, this Court and others have

---

[7] See Kriegel v. Mortgage Electronic Registration Systems, Inc. et al., No. PC2010-7099, slip op. at 10 (R.I. Super. Ct. Oct. 13, 2011) (attached as **Exhibit C**) ("It is undisputed, and clear as set forth in the Complaint, that Plaintiff is not a party to the MERS-FNMA assignment;" "The assignment from MERS to FNMA did not cause injury in fact to the Plaintiff, as the assignment did not change his obligation to timely pay the Mortgage Note or suffer the consequences of foreclosure."); Livonia Props. Holdings, LLC v. 12840-12976 Farmington Road Holdings, LLC, 2010 WL 4275305, at *4 (6th Cir. Oct. 28, 2010) ("Without a genuine claim that [the assignee]is not the rightful owner of the loan and that [plaintiff] might therefore be subject to double liability on its debt, [plaintiff] cannot credibly claim to have standing to challenge the First Assignment."); Bridge v. Aames Capital Corp., 2010 WL 3834059, at *5 (N.D. Ohio Sept. 29, 2010) ("Given that Plaintiff was not a party to the assignment of the Mortgage between [lender] and [assignee], neither of which dispute the validity of the assignment, and has not and will not suffer any new injury nor face any obligation different from what was owed when [the lender] held the note, Plaintiff does not have standing to assert their claim."); Fryzel v. Mortgage Elec. Registrations Sys., Inc., No. CA-10-352 M, slip op. at 29-32 (D.R.I. June 10, 2011) (attached as **Exhibit D**); Cosajay v. Mortgage Elec. Registrations Sys., Inc. et al., No. CA-10-442 M, slip op. at 25-28 (D.R.I. June 23, 2011) (attached as **Exhibit E**).

repeatedly rejected them.

> i. *MERS Properly Served As Nominee And Mortgagee On The Mortgage.*

Borrowers in Massachusetts and elsewhere have repeatedly raised the argument that MERS may not serve as nominee on a mortgage in order to challenge foreclosure without success. Massachusetts courts have consistently rejected this argument and Plaintiffs' claims should likewise be rejected here. See, e.g., Culhane, 2011 WL 5925525, at *15 ("MERS's status as mortgagee in a nominal capacity for the note holder comports with Massachusetts law"); Kiah, 2010 WL 4781849, at *3 (rejecting Plaintiffs' argument where "[t]he plain language of the mortgage . . . states that MERS was acting as nominee for [the original lender] and its 'successors and assigns.' The complaint does not suggest any plausible basis under which that language should be disregarded, and thus fails to state a claim as to that theory of recovery"), aff'd No. 11-1010, slip op. (1st Cir. Dec. 14, 2011) (adopting district court order); Bassilla v. GMAC Mortgage, No. 09-J-519, Order (Mass. App. Ct. Dec. 4, 2009) ("[T]he lender's nominee and record title holder had the ability to make a valid assignment") (attached as **Exhibit F**);.[8] As the Rhode Island Superior Court recently recognized in Porter, this conclusion is "not only legally correct, but does not work an injustice on the Plaintiff as the borrower. Plaintiff undisputedly borrowed the funds to buy their home, arranged for the home to serve as security

---

[8]   The Ninth Circuit and numerous other courts have rejected challenges to MERS indistinguishable from those advanced by Plaintiff here. See, e.g., Cervantes v. Countrywide Home Loans, Inc., 2011 WL 3911031, at *5 (9th Cir. Sept. 7, 2011) (Plaintiffs' fraud claim was "undercut by the terms in [Plaintiffs'] standard deed of trust, which describe MERS's role in the home loan . . . By signing the deeds of trust, the plaintiffs agreed to the terms and were on notice of the contents."); In re MERS MDL Litig., 744 F. Supp. 2d 1018, 1027 (D. Ariz. Sept. 30, 2010) ("from the very language of the deeds of trust, to which Plaintiffs agreed in entering into their home loan transaction, MERS is still acting as the nominee for the current holder of the promissory note"); In re Tucker, No. 10-61004, slip op. (Bankr. W.D. Mo. Sept. 19, 2010) (rejecting argument that listing MERS as beneficiary on deed of trust splits the note and the deed of trust and finding that MERS has authority to foreclose) (attached as **Exhibit G**).

for the Note, and subsequently defaulted by their nonpayment under the Note. No holding of this Court should invalidate the foreclosure, which Plaintiff agreed would ultimately be the consequence of nonpayment of the mortgage loan." Slip op. at 6. Such is the case here.

Plaintiffs' allegation that MERS is not permitted to assign the Mortgage (see, e.g., Complaint, ¶ 20) ignores the document they signed in exchange for their $260,000.00 loan. In their mortgage, Plaintiffs agreed to MERS's role as nominee and mortgagee. MERS is fully disclosed in the Mortgage as mortgagee and nominee of the lender and the nominee of the lender's successors and assigns in the promissory note. See Mortgage, attached hereto as **Exhibit H**, at p. 3 (". . . Borrower understands and agrees that . . . if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to . . . take *any action required* of Lender . . .") (emphasis added). Plaintiffs also agreed that MERS would be entitled "to exercise any or all" of the Lender's interests under the Mortgage including "the right to foreclose and sell the Property . . ." Id. Plaintiffs executed and initialed each page of the Mortgage containing these terms, and having done so, they agreed to MERS's authority to invoke the power of sale.

As courts have repeatedly held, Plaintiffs cannot be heard to complain about MERS' status as nominee when faced with foreclosure after a loan default. The Complaint should therefore be dismissed.

                *ii.*     *MERS Properly Assigned The Mortgage To BONY.*

Plaintiffs also contend that MERS could not assign the Mortgage because it did not own the underlying promissory note secured by the Mortgage. Complaint, ¶¶ 16-20. This argument is without merit. MERS need not hold the note to assign the legal interests created by the Mortgage. As discussed above, MERS had the ability to assign the mortgage because Plaintiffs

9

expressly agreed to MERS' and MERS' successors and assigns' role as mortgagee.

The First Circuit recently affirmed this Court's rejection of an argument identical to the one raised by Plaintiffs in the Complaint. Kiah, 2011 WL 841282, at *7, aff'd No. 11-1010, slip op. (1st Cir. Dec. 14, 2011) (adopting district court order). In Kiah, the plaintiff argued that "MERS could not have assigned the mortgage because it never had physical possession of or a beneficial interest in the note." Id. The court rejected that argument, holding that "[e]ven if MERS never had possession of or a beneficial interest in the note, this claim must fail because legally MERS was holding the mortgage in trust for [the owner of the loan]." Id. at *8. "[E]ven though MERS does not have a beneficial interest in the property, it nonetheless could have transferred the mortgage on its behalf of the beneficial owner . . . Plaintiffs' claims are contradicted by the very documents that they submitted with the complaint, and there is no plausible basis to suggest that those documents should be disregarded." Id. Kiah does not stand alone in affirming MERS' right to assign its interest in a mortgage[9] and the Court should similarly reject Plaintiffs' argument for the same reasons.

---

[9] See also Culhane, 2011 WL 5925525, at *18 ("The corporate resolution [appointing certain non-employees of MERS as officers] . . . does give them actual authority to act on MERS [sic] behalf,"); In re Marron, 2011 WL 2600543, at *5 ("[A] mortgagee who is not the note holder may exercise the power of sale and foreclose the mortgage"); BAC Home Loans Servicing, LP v. Kay, No. 10-Misc-428719, slip op. at 3 (Mass. Land Ct. Dec. 22, 2010) ("[A]s mortgagee with the powers granted in the mortgage . . . MERS had the authority to assign the mortgage without need to demonstrate the direction of its principal, and its assignee had the right to rely on that authority.") (attached as **Exhibit I**); In re Lopez, 2011 WL 576820, at *4-*5 ("Though MERS never held the Note, it could, by virtue of its nominee status, transfer the Mortgage on behalf of the Note holder."); Lane v. Vitek Real Estate Indus. Group, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("MERS has standing to foreclose as the nominee for the lender and beneficiary of the Deed of Trust and may assign its beneficial interest to another party."); Castaneda v. Saxon Mortgage Servs., 687 F. Supp. 2d 1191, 1198 (E.D. Cal. 2009) ("As the listed nominee and beneficiary under the Deed of Trust, MERS had authority to assign its beneficial interest to another party."); US Bank, N.A. v. Flynn, 27 Misc. 3d 802, 806 (N.Y. Sup. Ct. 2010) (assignment by MERS "confers good title to the assignee").

Finally, Plaintiffs argue that Allison Dalton West, who executed the Assignment of the Mortgage from MERS to "The Bank of New York Mellon as Trustee" on February 8, 2010 (Complaint, ¶¶ 23-24), did not have authority to sign on behalf of MERS, because "Ms. West is actually an employee of Harmon Law . . ." Complaint, ¶ 25. Federal courts have repeatedly affirmed MERS's ability to appoint corporate officers by resolution and have not applied such a limitation. It is a well-known and common practice of MERS to appoint corporate officers with signatory authority for MERS in order to facilitate the MERS system. Indeed, in Kiah, the court held that a "MERS' signing officer . . . had signatory authority on the date of the assignment" as shown by "a MERS 'Corporate Resolution' that predate[d] the assignment and grant[ed] such authority to an 'attached list of candidates,' including [MERS' signing officer] . . . This is confirmed by the fact that MERS, a defendant in this case, does not contest the assignment." 2011 WL 841282, at *7, aff'd No. 11-1010, slip op. (1st Cir. Dec. 14, 2011) (adopting district court order). [10] The same reasoning applies here. Plaintiffs' vague allegations about the assignment are meritless and provide no basis to challenge the foreclosure.

---

10    See also In re Marron, 2011 WL 2600543, at *6 ("under Massachusetts law, an assignment of a mortgage is effective without the need to independently establish the authority of the assignor to make the assignment . . . Because the assignments of both the mortgage and confirmatory mortgage on the debtors' property were executed before notaries public on MERS' behalf by individuals identified as MERS assistant vice presidents . . . these assignments are binding and neither [the assignee of the mortgage] nor MERS must prove the authority of the signatories."); Bain v. Metro. Mortgage Group Inc., 2010 WL 891585, at *1, *6 (W.D. Wash. Mar. 11, 2010) (dismissing complaint where loan servicer employees were appointed as assistant secretaries and vice presidents of MERS to execute documents necessary to foreclose; holding that loan servicer "openly and lawfully allow[ed] its employees to sign on behalf of [MERS], pursuant to contract —which is the essence of ordinary agency action everywhere. There is simply nothing deceptive about using an agent to execute a document, and this practice is commonplace in deed of trust actions"); Phillips v. Wells Fargo Bank, N.A., 2009 WL 3756698, at *4 (S.D. Cal. Nov. 6, 2009) (dismissing complaint and rejecting allegation that "assignment was signed by an unauthorized party, because [individual] was not and is not a Vice President of MERS" as entirely unsupported by factual allegations) (internal quotation and citation omitted).

### 3. BONY, As Holder Of The Note And Mortgage, Was Authorized To Foreclose.

Plaintiffs claim that BONY was not authorized to foreclose because it was not "a mortgagee or an assignee of the mortgagee that could invoke the Statutory Power of Sale." Complaint, ¶ 37. The argument that only the original lender or mortgagee can foreclose ignores the plain terms of the Mortgage and has been repeatedly rejected.

As discussed above, Plaintiffs expressly granted the Mortgage to MERS and the Mortgage explicitly allowed MERS to assign the Mortgage to BONY. As Massachusetts statutory law provides—and Kiah and other courts have recognized—the original mortgagee is not the only entity that may foreclose. Rather, foreclosure under the Mortgage may be exercised by entities to whom the Mortgage has been assigned. Plaintiffs agreed in the Mortgage that "Borrower does hereby mortgage, grant, and convey to MERS (solely as nominee for Lender *and Lender's successors and assigns*) and to the *successors and assigns of MERS*, with power of sale, the following described property." Mortgage at p. 3. Thus, BONY, as an assignee of the Mortgage, may foreclose under the Mortgage. See Mass. G. L. ch. 244, § 14 (the "mortgagee" may foreclose on a mortgage); Kiah, 2011 WL 841282, at *8 ("Even if MERS never had possession of or a beneficial interest in the note, [the argument that MERS cannot assign the mortgage] must fail because MERS was holding the mortgage in trust for [the note holder]. The assignment of mortgage, therefore, would still be valid."), aff'd No. 11-1010, slip op. (1st Cir. Dec. 14, 2011) (adopting district court order).

Furthermore, as holder of the underlying Note, BONY holds an equitable right to have the Mortgage assigned to it when necessary in order to foreclose. See, e.g., Culhane, 2011 WL 5925525 at *8 (where a mortgage and its note are separated, the note holder "has an equitable right of assignment that may be effectuated by filing a court action to require the mortgagee to

12

assign the mortgage to it"). As the note holder and assignee of the Mortgage, BONY was authorized to foreclose, even under the strictest interpretation of the law.[11] Plaintiffs' theory that BONY had no authority to foreclose because it did not hold the note at the time of foreclosure is incorrect as a matter of Massachusetts law and the Court should reject it. Wenzel, 2012 WL 219371, at *15 ("In Massachusetts, the foreclosing entity must hold the mortgage only, not both the mortgage and the note.") (collecting cases); Valerio v. U.S. Bank, N.A., 716 F. Supp. 2d 124, 128 (D. Mass. 2010).

### C. Count III Fails To State A Cognizable Claim For Breach Of Duty Of Good Faith And Reasonable Diligence.

Count III asserts that Defendants "owed the Plaintiff[s] . . . a duty of good faith and fair dealing in the conduct leading up to the foreclosure proceedings and sale," and that by conducting foreclosure proceedings pursuant to an allegedly invalid assignment, Defendants "violated this duty." Complaint, ¶¶ 83-84. Dismissal is required because this claim is entirely dependent upon Plaintiffs' earlier, erroneous, allegations as discussed above. The facts alleged by Plaintiffs do not provide any basis for the claim that Defendants did not "exercise good faith and put forth reasonable diligence" with regard to Plaintiffs' interests. State Res. Corp. v. The Architectural Team, Inc., 433 F.3d 73, 80 (1st Cir. 2005) (quoting Atlas Mortgage Co. v. Tebaldi, 304 Mass. 554 (1939)). On the contrary, Defendants acted in accordance with all statutory and contractual obligations in assigning and enforcing the Mortgage and Note.

---

[11] See, e.g., Restatement (Third) Property, § 5.4, comment e. (The "general" rule that "a mortgage is unenforceable if it is held by one who has no right to enforce the secured obligation" "is changed if [mortgagee] has authority from [note holder] to enforce the mortgage on [the note holder]'s behalf. For example, [mortgagee] may be a trustee or agent of [note holder] with responsibility to enforce the mortgage at [note holder]'s direction. [Mortgagee]'s enforcement of the mortgage in these circumstances is proper . . . Courts should be vigorous in seeking to find such a relationship, since the result is otherwise likely to be a windfall for the mortgagor and the frustration of [note holder]'s expectation of security.")

Count III also must be dismissed because Plaintiffs' brief and conclusory paragraphs (Complaint, ¶¶ 82-89) do not meet the standard of "plausibly suggesting" that Plaintiffs are entitled to relief on a negligence claim, as the Federal Rules require.  Twombly, 550 U.S. at 555 (a claim must allege "more than labels and conclusions").  This cause of action is wholly conclusory, and recites elements of a cause of action with no specific factual allegations providing details about the supposed breach of duty about which Plaintiffs complain.  See, e.g., Compl ¶¶ 83-84 (Defendants "owed the Plaintiff[s] . . . a duty of good faith and fair dealing," "[b]y conducting foreclosure proceedings without a valid assignment from MERS, the Defendant . . . violated this duty," and "[t]he Plaintiff[s] . . . were damaged by these breaches of duty").  Count III should therefore be dismissed.

**CONCLUSION**

For these reasons, defendants The Bank of New York Mellon as Trustee for the Certificateholders CWALT, Inc. Alternative Loan Trust 2005-36 Mortgage Pass Through Certificates, Series 2005-36 ("BONY") and Mortgage Electronic Registration Systems, Inc. ("MERS") respectfully request that the Court (1) dismiss the Complaint in its entirety and with prejudice; and (2) grant such other relief as the Court deems just and proper.

Respectfully submitted,

THE BANK OF NEW YORK MELLON AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC. ALTERNATIVE LOAN TRUST 2005-36 MORTGAGE PASS THROUGH CERTIFICATES, SERIES 2005-36 AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

By their attorneys,

/s/ Rosalie H. Fazio_____
Rosalie H. Fazio (BBO # 676716)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
617.570.1000
rfazio@goodwinprocter.com

Thomas H. Good (BBO # 669812)
GOODWIN PROCTER LLP
901 New York Avenue, N.W.
Washington, D.C. 20001
202.346.4000
tgood@goodwinprocter.com

Dated: May 10, 2012

**CERTIFICATE OF SERVICE**

      I, Rosalie H. Fazio, hereby certify that on May 10, 2012, a true copy of the foregoing document was served by ECF upon all other counsel of record in this action:

Todd S. Dion, Esq.
925 Reservoir Avenue, Lower Level
Cranston, RI 02910
toddsdion@msn.com

Dated: May 10, 2012                                               /s/ Rosalie H. Fazio