UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NO. 12-10624-RWZ


JORGE A. CONTRERAS and DAISY A. PACHECO

v.

THE BANK OF NEW YORK MELLON,
*as trustee for the Certificateholders CWALT, Inc.
Alternative Loan Trust 2005-36 Mortgage Pass Through Certificates, Series 2005-36,*
and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.


MEMORANDUM OF DECISION

March 27, 2013


ZOBEL, D.J.

Plaintiffs Jorge A. Contreras and Daisy A. Pacheco[1] filed this suit after they lost their house to foreclosure. Defendants are The Bank of New York Mellon ("BONY"), as trustee for a mortgage loan securitization trust, and Mortgage Electronic Registration Systems, Inc. ("MERS"). MERS was the original holder of plaintiffs' mortgage; BONY conducted the foreclosure. Plaintiffs claim that the foreclosure was void primarily because MERS never properly assigned the mortgage to BONY. Defendants now move to dismiss.

**I. Background**

---

[1] In their briefs, the parties consistently spell Ms. Pacheco's first name "Daisy." The court notes, however, that Ms. Pacheco's first name also appears as "Daysi" on several documents in the record.

A brief primer on the mechanics of mortgage loans is in order. A mortgage loan agreement generally consists of two parts. The first is a promissory note, which obligates the borrower to pay back the amount she has borrowed. The second is a mortgage, which (in a title theory state like Massachusetts) is the legal title to the mortgaged property that secures the loan. The person who holds the mortgage may or may not be the same person who holds the note. Regardless, the mortgageholder keeps the mortgage until the borrower finishes paying off the note. If the borrower fails to pay off the note, the mortgageholder (acting for the noteholder) can foreclose on the mortgaged property and sell it to pay the remaining debt. See generally Culhane v. Aurora Loan Servs. of Neb., No. 12-1285, 2013 WL 563374 at *6-7 (1st Cir. Feb. 15, 2013); Eaton v. Fed. Nat'l Mortg. Ass'n, 969 N.E.2d 1118 (Mass. 2012).

When they purchased their house in May 2005, plaintiffs executed a promissory note for $260,000 and a mortgage securing that note. Countrywide Home Loans, Inc. ("Countrywide"), was the lender and held the promissory note, while MERS held the mortgage "solely as a nominee for [Countrywide] and [Countrywide's] successors and assigns." Docket # 10, Ex. H ("Mortgage") at 1. The mortgage was recorded in the local registry of deeds.

Countrywide subsequently transferred the note to "another undisclosed entity." Docket # 1, Ex. D ("Complaint"), ¶ 22. Although neither the complaint nor the parties' briefing is clear on this point, it appears that plaintiffs' note was transferred to a trust

controlled by BONY, and then securitized along with many other similar loans.[2] See id. ¶¶ 21-22.

In 2010, MERS purportedly assigned the mortgage (but not the note) to BONY. The assignment was signed by Allison West Dalton[3] on behalf of MERS, and was properly recorded. The complaint alleges that Ms. Dalton was an employee of Harmon Law Offices, P.C., a law firm hired by BONY.

BONY subsequently foreclosed on plaintiffs' house. Plaintiffs filed suit in state court challenging the foreclosure; defendants removed to this court on the basis of diversity and now move to dismiss the complaint.

## II. Legal Standard

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court accepts as true all factual allegations contained in the complaint, but not legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). If the complaint fails to state a plausible claim upon which relief can be granted, it must be dismissed. Id.

## III. Analysis

Defendants advance two grounds for their motion to dismiss: that plaintiffs have not alleged any tender of payment to cover their indebtedness, and that plaintiffs have

---

[2] "[S]ecuritization of mortgage loans involves the creation of a mortgage-backed security: mortgage loans are purchased from lenders, bundled, and combined to create a single debt instrument. Interests in this instrument can then be sold to investors who enjoy the benefit of the revenue stream flowing from the mortgage payments." Culhane, 2013 WL 563374 at *1 n.1.

[3] The parties both refer to this individual as "Allison Dalton West" and "Ms. West." However, the assignment of mortgage attached to the complaint plainly bears the name "Allison West Dalton"; the court will therefore refer to her as "Ms. Dalton."

3

not alleged any other facts stating a plausible claim.[4] The court considers each reason in turn.

### A. Tender Rule

First, defendants argue that plaintiffs are barred from challenging the foreclosure by the so-called "tender rule." In its strongest form, the tender rule states that "an action to set aside a [foreclosure] sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." Arnolds Mgmt. Corp. v. Eischen, 205 Cal. Rptr. 15, 17 (Cal. Ct. App. 1984). Based on that rule, some courts have required plaintiffs to plausibly allege that they are able and willing to pay off their remaining indebtedness in order to state a claim for rescission of a foreclosure sale.[5] See, e.g., White v. BAC Home Loans Servicing, Civil Action No. 09-2484-G, 2010 WL 4352711, at *5-6 (N.D. Tex. Nov. 2, 2010). An offer of tender has also been required where a plaintiff seeks to rescind a loan under the federal Truth In Lending Act, 15 U.S.C. § 1601 et seq. See, e.g., Keen v. Am. Home Mortg. Servs., 664 F. Supp. 2d 1086, 1094 (E.D. Cal. 2009).

It is not clear whether Massachusetts has adopted the tender rule. Defendants

---

[4] Defendants originally advanced a third ground as well, arguing that plaintiffs lacked standing to challenge the assignment of the mortgage because they were not parties to that assignment. However, defendants correctly recognize that position is now foreclosed by the First Circuit's recent decision in Culhane. Culhane establishes that "a mortgagor has standing to challenge the assignment of a mortgage on her home to the extent that such a challenge is necessary to contest a foreclosing entity's status qua mortgagee." 2013 WL 563374 at *5. Defendants have therefore properly withdrawn their standing argument.

[5] Plaintiffs do not contest that they are in arrears on their loan payments.

4

cite no Massachusetts case dismissing any claim on the basis of the tender rule,[6] and a Westlaw search of all Massachusetts cases for the phrase "tender rule" returns no relevant results. But even if Massachusetts had adopted the tender rule, it would not be applicable here. "The tender rule does not apply to a void, as opposed to a voidable, foreclosure sale." Martinez v. America's Wholesale Lender, 446 F. App'x 940, 943 (9th Cir. 2011). Plaintiffs allege that the foreclosure here was void because BONY did not hold the mortgage. Because that structural defect would make any foreclosure sale wholly void, cf. U.S. Bank Nat'l Ass'n v. Ibanez, 941 N.E.2d 40, 50 (Mass. 2011), plaintiffs can raise it without first tendering payment.

**B. Failure to State a Claim**

Defendants argue next that plaintiffs' allegations fail to provide any plausible grounds for relief. In that, defendants are correct.

Plaintiffs' primary claim is that the assignment of their mortgage from MERS to BONY was void because it assigned only the mortgage and not the note. But a mortgage may legally be transferred separately from the note. See Culhane, 2013 WL 563374 at *6-7 ("In Massachusetts, the note and the mortgage need not be held by the same entity. The two instruments exist on separate planes, and the transfer of the note does not automatically transfer the mortgage."). The cases that plaintiffs cite to contradict that rule are inapposite.

---

[6] The closest defendants come is a single case from this court denying one plaintiff a preliminary injunction against foreclosure of her house, on the ground that the plaintiff's failure to make payments on her mortgage loan or place such payments in escrow constituted inequitable conduct that "disqualifie[d] her from seeking equitable relief." Durmic v. J.P.Morgan Chase Bank, Civil Action No. 10-10380-RGS, 2010 WL 4825632, at *7 (D. Mass. Nov. 24, 2010). But denying a preliminary injunction is very different from dismissing a claim on the merits.

Plaintiffs briefly mention that Ms. Dalton was involved to some extent with both parties in the assignment, since she signed on behalf of MERS while being employed by BONY's counsel. But that in no way vitiates the assignment. Culhane, 2013 WL 563374 at *8.

Plaintiffs also briefly argue that the mortgage agreement does not explicitly give MERS the right to assign the mortgage to other parties. But "[a]bsent a provision in the mortgage instrument restricting transfer—and there is none here—a mortgagee may assign its mortgage to another party." Id. at *7 (footnote omitted). Moreover, the mortgage here (like that in Culhane) named MERS solely as nominee for the lender and the lender's successors and assigns, thereby authorizing MERS to transfer the mortgage at the direction of those successors and assigns. Id.

Next, plaintiffs contend that MERS cannot assign the note because MERS never held the note. That is correct. But BONY does not purport to have obtained the note from MERS—only the mortgage. BONY apparently obtained the note from Countrywide. See Complaint ¶¶ 21-22. Plaintiffs allege in a conclusory fashion that there was no valid assignment of the note and that BONY was not a valid successor or assign of Countrywide; but they allege no facts plausibly supporting those conclusions. And bare conclusions are not enough to state a claim. See Iqbal, 556 U.S. at 678-79.[7]

Plaintiffs also allege in a conclusory fashion that the notices BONY published to

---

[7] In any case, it was not clear when BONY foreclosed on plaintiffs' house that BONY was required to hold the note as well as the mortgage. The Supreme Judicial Court ("SJC") held in Eaton that in order to foreclose, a mortgagee must possess not only the mortgage but also either the note or authority from the noteholder. But the SJC recognized that Massachusetts law was previously confused on this point, see Eaton, 969 N.E.2d at 1131-33, and applied its decision only prospectively. Because BONY foreclosed on plaintiffs' house before Eaton was handed down, that decision does not govern here.

announce the foreclosure sale were defective under the mortgage agreement and the governing statute. But again, plaintiffs allege no facts plausibly supporting that conclusion beyond the asserted flaws in the mortgage assignment. Those arguments fail for the reasons given above.

In summary, plaintiffs have failed to allege any facts plausibly showing a defect in the foreclosure. Their claims must therefore be dismissed.

## IV. Conclusion

Defendants' motion to dismiss (Docket # 9) is ALLOWED. Plaintiffs' complaint is DISMISSED.

|  |  |
|---|---|
|    March 27, 2013    |    /s/Rya W. Zobel    |
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |